1 | RON BENDER (SBN 143364)
   | JACQUELINE L. RODRIGUEZ (SBN 198838)
2 | TODD M. ARNOLD (SBN 221868)
3 | JOHN-PATRICK M. FRITZ (SBN 245240)
   | LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
4 | 10250 Constellation Boulevard, Suite 1700
   | Los Angeles, California 90067
5 | Telephone:  (310) 229-1234
   | Facsimile:  (310) 229-1244
6 | Email:  rb@lnbrb.com, jlr@lnbrb.com,
   |        tma@lnbrb.com, jpf@lnbrb.com
7 |
8 | Proposed Attorneys for Chapter 11
   | Debtors and Debtors in Possession
9 |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(SANTA ANA DIVISION)

| | |
|---|---|
| In re:<br><br>WESTCLIFF MEDICAL<br>LABORATORIES, INC.,<br><br>        Debtor.<br>―――――――――――――――<br>BIOLABS, INC.,<br><br>        Debtor.<br>―――――――――――――――<br>☒ Affects Both Debtors<br><br>☐ Affects WESTCLIFF MEDICAL<br>  LABORATORIES, INC. only<br><br>☐ Affects BIOLABS, INC. only | [Proposed] Lead Case No.<br>8:10-bk-16743-RK<br>[Proposed] Jointly Administered<br>with Case No. 8:10-bk-16746-RK[1]<br><br>Chapter 11 Cases<br><br>DEBTORS' <u>EX</u> <u>PARTE</u> EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. WHALEN IN SUPPORT THEREOF<br><br>[NO HEARING REQUIRED] |

[1] Motion for Joint Administration pending.

1

## SUMMARY

2    Pursuant to Local Bankruptcy Rule 2081-1(a)(12), 11 U.S.C.§
3  105, and Rule 1015 of the Federal Rules of Bankruptcy Procedure
4  (the "Bankruptcy Rules"), Westcliff Medical Laboratories, Inc.,
5  ("Westcliff") and BioLabs, Inc., ("BioLabs" and, collectively
6  with Westcliff, the "Debtors"), the debtors and debtors in
7  possession in the above-referenced, (proposed) jointly-
8  administered chapter 11 cases, hereby move, on an ex parte
9  emergency basis (the "Motion"), for the entry of an order for
10 joint administration of the case of Westcliff (bearing case
11 number 8:10-bk-16743-RK) with the case of Biolabs (bearing case
12 number 8:10-bk-16746-RK).

13    The Debtors filed their voluntary Chapter 11 bankruptcy
14 cases on May 19, 2010 (the "Petition Date"). The Debtors
15 continue to operate their business, manage their financial
16 affairs, and operate their bankruptcy estates as debtors in
17 possession pursuant to Sections 1107 and 1108 of the Bankruptcy
18 Code.

19    Biolabs owns 100% of the equity of Westcliff, has no other
20 material assets, and does not operate a business. Westcliff is
21 the owner and operator of approximately 170 branded and stand-
22 alone patient service center laboratories and STAT labs located
23 throughout California. Westcliff has approximately 1,000
24 employees and is currently generating approximately $100 million
25 of annual revenue. Biolabs and Westcliff are affiliates of each
26 other, as the term is defined by the Bankruptcy Code, and the

27

28

2

1 | Debtors believe that joint administration of their cases (the
2 | "Cases") is both appropriate and necessary.

3 |     Joint administration will avoid duplicative expenses and
4 | will ensure that creditors in the Cases will receive
5 | appropriate notice of pertinent matters. In addition, the
6 | Debtors believe that joint administration of the Cases,
7 | including the use of a single pleadings docket, the combining
8 | of notices to creditors of the different estates, and the
9 | joint handling of purely administrative matters will aid in
10 | expediting the Cases and rendering the process less costly,
11 | without prejudicing the substantive rights of any creditor.

12 |     The Debtors further believe that joint administration of
13 | the Cases will assist the Office of the United States Trustee
14 | in forming one (1) committee of unsecured creditors, which
15 | should further reduce costs to the estates. Additionally, the
16 | joint administration of the Cases will eliminate the need for
17 | the Debtors to file identical motions and orders in each of
18 | the Cases when seeking relief that is common to all three
19 | Debtors, will avoid the further waste of judicial resources
20 | related to, for example, the docketing of identical motions,
21 | declarations, and orders in the each of the Cases, and will
22 | permit the Debtors' estates to avoid the substantial copy
23 | costs and service costs associated with filing and serving
24 | motions and other pleadings in the Cases that seek collective
25 | relief for the Debtors. As a result, the Debtors hereby
26 | respectfully submit that cause exists to grant the Motion.

27 |     The Motion is based on this Motion, the attached Memorandum
28 | of Points and Authorities and Declaration of Robert E. Whalen

1  (the "Whalen Declaration"), the statements, arguments and

2  representations of counsel to be made at the hearing on the

3  Motion, and any other admissible evidence properly presented to

4  the Court.

5       In order to provide maximum notice of this Motion,

6  concurrently with the filing of this Motion with the Court, the

7  Debtors served by overnight mail a copy of this Motion and all

8  supportive papers (including notice of the hearing) upon the

9  Office of the United States Trustee, secured creditors, the

10 twenty largest unsecured creditors in each of the Cases, and all

11 of those parties who have requested special notice.

12      **WHEREFORE**, the Debtors respectfully request that this Court

13 enter an order:

14      (a)  affirming the adequacy of the notice given;

15      (b)  authorizing the joint administration of the Cases;

16      (c)  approving the form of caption suggested by the Debtors

17           herein; and

18      (d)  granting such other and further relief as the Court

19           deems just and proper.

20 Dated: May 19, 2010              WESTCLIFF MEDICAL LABORATORIES,
                                    INC.
21
                                    -and-
22
                                    BIOLABS, INC.
23
                                    */s/ Ron Bender*
24                                  RON BENDER
                                    JACQUELINE L. RODRIGUEZ
25                                  TODD M. ARNOLD
                                    JOHN-PATRICK M. FRITZ
26                                  LEVENE, NEALE, BENDER, RANKIN
                                    & BRILL L.L.P.
27                                  (Proposed) Attorneys for Chapter 11
28                                  Debtors and Debtors in Possession

4

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

A.   BACKGROUND.

The Debtors filed their voluntary Chapter 11 bankruptcy cases on May 19, 2010 (the "Petition Date"). The Debtors continue to operate their business, manage their financial affairs, and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Biolabs owns 100% of the equity of Westcliff and has no other material assets. Westcliff, which was founded in 1964 as a community-based laboratory, is the owner and operator of approximately 170 branded and stand-alone patient service center laboratories and STAT labs that provide various services, including clinical testing, pathology, reporting and support services for the benefit of thousands of out-patients throughout California. Westcliff has approximately 1,000 employees and is currently generating approximately $100 million of annual revenue.

Westcliff's main clinical hub is an 80,000 square foot facility located in Santa Ana, California that opened in 2006. Westcliff's primary anatomical pathology lab is a 12,800 square foot facility located in Monrovia, California that opened in 2008.

Working directly with patients and with contracted payors, including United Health, Aetna, Cigna, Blue Cross, Medi-Cal and Medicare, Westcliff has grown and become a leading out-patient

1 laboratory service company. Westcliff's lab operations
2 demonstrate industry-leading results, with low testing turn-
3 around times, high quality control scores, and a strong and
4 experienced sales and marketing team.

5    Westcliff averages approximately 8,500 clinical requests
6 per day and approximately 1,200 pathology requests per day, and
7 performs approximately 250,000 cytology and 70,000 biopsy tests
8 on an annual basis. Based on this performance, Westcliff is the
9 third largest clinical laboratory in California.

10    The California clinical laboratory testing market is the
11 largest in the nation, with estimated revenues of approximately
12 $2 billion. Approximately 8% of the nations' tests are
13 performed in California, and over 200 million of California's
14 tests are conducted by independent labs (excluding hospital
15 based labs). Based on current volume, Westcliff accounts for
16 approximately 5% of the California market.

17 B.    **THE NECESSITY FOR FILING BANKRUPTCY**.

18    While the Debtors' revenue is significant, due to the small
19 profit margins in this business, despite significant and
20 continuing cost cutting measures undertaken by the Debtors, the
21 Debtors are simply not able to operate sufficiently profitably
22 to enable the Debtors to repay their debts.

23    The Debtors suffered a net loss of approximately $87
24 million in 2008 (including expenses and write offs of
25 approximately $171 million) on net revenue of approximately $84
26 million. The Debtors suffered a net loss of approximately $13
27 million in 2009 (including expenses and write offs of
28

6

1 approximately $110 million) on net revenue of approximately $97
2 million.

3     While the Debtors instituted as many expense reductions as
4 were reasonably possible, the Debtors' losses continued.  Since
5 the beginning of 2009, the Debtors have been unable to make any
6 debt service payments to their senior secured lender, GE, and
7 the Debtors have been unable to remain current with their other
8 debt obligations, including payments owing to former owners of
9 companies the Debtors previously purchased as part of the
10 Debtors' overall growth strategy.  Indeed, the Debtors were only
11 able to survive financially over the past approximately
12 seventeen months because GE agreed to provide the Debtors with
13 additional funding.

14     The only way the Debtors can survive as a stand alone going
15 concern business would be for the Debtors to raise many millions
16 of dollars of additional equity which is not possible given the
17 Debtors' debt structure.

18     As set forth in numerous concurrently filed pleadings, the
19 Debtors have determined that an expedited sale of substantially
20 all of the Debtors' assets is in the overwhelming best interests
21 of the Debtors' estates and their creditors.  Just prior to
22 their bankruptcy filings, the Debtors signed an asset purchase
23 agreement with Laboratory Corporation of America and its wholly-
24 owned subsidiary Wave Newco, Inc. (collectively, "Purchaser").

25 C. **THE NEED FOR JOINT ADMINISTRATION**.

26     The Debtors believe that joint administration of the
27 Cases, including the use of a single pleading docket, the
28 combining of notices to creditors of the different estates,

7

1 and the joint handling of purely administrative matters will
2 reduce costs to the estates, aid in expediting the Cases, and
3 render the process less costly, without prejudicing the
4 substantive rights of any creditor.

5     The Debtors further believe that joint administration of
6 the Cases will assist the Office of the United States Trustee in
7 forming one (1) committee of unsecured creditors, which should
8 further reduce costs to the estates.  Additionally, the joint
9 administration of the Cases will eliminate the need for the
10 Debtors to file identical motions and orders in each of the
11 Cases when seeking relief that is common to all three Debtors,
12 will avoid the further waste of judicial resources related to,
13 for example, the docketing of identical motions, declarations,
14 and orders in each of the Cases, and will permit the Debtors'
15 estates to avoid the substantial copy costs and service costs
16 associated with filing and serving motions and other pleadings
17 in the Cases that seek collective relief for the Debtors.  As a
18 result, the Debtors hereby respectfully submit that cause exists
19 to grant the Motion.

20                         II.

21                  DISCUSSION

22     The Debtors request that the Court approve the joint
23 administration of their Cases.  Rule 1015 of the Federal Rules
24 of Bankruptcy Procedure (the "Bankruptcy Rules") provides that
25 the Court may order the joint administration of cases involving
26 a debtor and an affiliate[2] where such an order "may tend to

27 _____

28 [2] Under the definition of "affiliate" in the Bankruptcy Code, the Debtors
are "affiliates."  See 11 U.S.C. § 101(2)(A), (B).

8

1   avoid unnecessary costs and delay." Fed. R. Bankr. P.
2   1015(b)(4) and 1015(c). Bankruptcy Rule 1015 is designed to
3   promote the fair and efficient administration of related cases
4   of affiliated debtors, while ensuring that no rights of
5   individual creditors are unduly prejudiced. See 8 Collier on
6   Bankruptcy ¶ 1015.03 (15th Ed. 1990); In re Brookhollow
7   Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d
8   1003 (1st Cir. 1986) (joint administration "help[s] the
9   bankruptcy court to administer economically and efficiently
10  different estates with substantial interests in common"); In re
11  H&S Transportation Co., 55 B.R. 786 (Bankr. M.D. Tenn. 1985).

12      Unlike substantive consolidation, which pools the assets
13  and liabilities of related entities, joint administration is
14  merely procedural; each of the Debtors' estates herein would
15  remain a separate legal entity and creditors' individual rights
16  against each estate are preserved. In re N.S. Garrott & Sons,
17  63 B.R. 189, 191 (E.D. Ark. 1986); In re Arnold, 33 B.R. 765,
18  767 (Bankr. E.D.N.Y. 1983).

19      Joint administration of the Cases is warranted and
20  appropriate under Bankruptcy Rule 1015(b). As set forth above,
21  Biolabs is the parent company of Westcliff. Thus, the Debtors
22  are "affiliates" as that term is defined in the Bankruptcy
23  Code. See 11 U.S.C. § 101(2). Furthermore, Biolabs has no
24  operating business of its own but holds 100% ownership of
25  Westcliff, which operates, maintains, and manages the business.
26  In addition, the affairs of the Debtors are sufficiently

27

28

9

1 | intertwined to make joint administration of the Cases more
2 | efficient and economical than separate administration.   Joint
3 | administration will greatly reduce the costs in administering
4 | the Cases, and would serve to eliminate any potential confusion
5 | and waste associated with maintaining separate dockets.
6 | Moreover, joint administration would eliminate the need for
7 | filing duplicative pleadings in each of the Cases and would
8 | reduce the burden for the Clerk's Office in administering the
9 | Cases.

10 |     Further, the Debtors believe that there would be no
11 | material prejudice to any creditor if the Cases are jointly
12 | administered.   Indeed, creditors of the Debtors' estates will
13 | benefit from the reduction of administrative costs and fees.
14 | Moreover, to the extent any conflict between the estates herein
15 | arises, the Court may take further steps to modify its order of
16 | joint administration to eliminate any such conflict.   In light
17 | of the foregoing, the Debtors respectfully submit that the
18 | Court should exercise its discretion under Bankruptcy Rule
19 | 1015(c) and order joint administration of the Cases.

20 |     As the entry of an order granting the Motion will
21 | eliminate the further need for the Debtors to file identical
22 | motions and orders in each of the Cases when seeking relief
23 | that is common to all of the Debtors, joint administration will
24 | avoid the further waste of judicial resources related to, for
25 | example, the docketing of identical motions, declarations and
26 | orders in each of the Cases, and will permit the avoidance of
27 | substantial copy costs and service costs to the estates
28 | associated with the filing and serving of motions and other

1 | pleadings in each of the Cases.  Based on the foregoing, the
2 | Debtors hereby respectfully submit that cause exists to grant
3 | the Motion on an emergency basis.

4 |     In the event the Court orders the joint administration of
5 | the Cases, the Debtors respectfully suggest that the following
6 | caption  be  approved  and  that  the  Westcliff  Medical
7 | Laboratories, Inc. case be used as the lead case:

8 |
  In re:

9 |
  WESTCLIFF MEDICAL
10 | LABORATORIES, INC.,

11 |        Debtor.

12 |

13 | BIOLABS, INC.,

14 |        Debtor.

15 |

16 | ☐ Affects Both Debtors

17 | ☐ Affects WESTCLIFF MEDICAL
    LABORATORIES, INC. only
18 |
19 | ☐ Affects BIOLABS, INC. only

Lead Case No.
8:10-bk-16743-RK__
Jointly Administered with Case
No. 8:10-bk-16746-RK_

Chapter 11 Cases

Court Scheduled Hearing:
Date:  _____
Time:  _____
Place: Courtroom "5D"
      411 West Fourth Street
      Santa Ana, CA 92701

20 |
21 |
22 |
23 |
24 |             III.
25 |           CONCLUSION
26 |     Based on the foregoing, the Debtors submit that approval by
27 | this  Court  of  the  Motion  is  in  the  best  interests  of  the
28 |

11

Debtors' estates and respectfully request that the Court enter an order:

    (a)  affirming the adequacy of the notice given;

    (b)  authorizing the joint administration of the Cases;

    (c)  approving the form of caption suggested by the Debtors herein; and

    (d)  granting such other and further relief as the Court deems just and proper.

Dated: May 19, 2010          WESTCLIFF MEDICAL LABORATORIES, INC.

-and-

BIOLABS, INC.

*/s/ Ron Bender*
RON BENDER
JACQUELINE L. RODRIGUEZ
TODD M. ARNOLD
JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
(Proposed) Attorneys for Chapter 11 Debtors and Debtors in Possession

## DECLARATION OF ROBERT E. WHALEN

I, ROBERT E. WHALEN, HEREBY DECLARE AS FOLLOWS:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am the Chief Executive Officer and Chairman of the Board of Directors of Westcliff Medical Laboratories, Inc. ("Westcliff") and its parent corporation, BioLabs, Inc. ("BioLabs" and, together with Westcliff, the "Debtors"), the Chapter 11 debtors and debtors in possession in the above-captioned, (proposed) jointly administered cases.   I have been Board Chairman since 2007 and Chief Executive Officer since July, 2009.  I have approximately thirty-two years of experience in the medical lab and related business.

3.    I make this declaration in support of the Motion to which this declaration is attached.   Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion.

4.    The Debtors filed their voluntary Chapter 11 bankruptcy cases on May 19, 2010 (the "Petition Date").   The Debtors continue to operate their business, manage their financial affairs, and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.    Biolabs owns 100% of the equity of Westcliff and has no other material assets.  Westcliff, which was founded in 1964 as a community-based laboratory, is the owner and operator of approximately 170 branded and stand-alone patient service center

13

1 laboratories and STAT labs that provide various services,
2 including clinical testing, pathology, reporting and support
3 services for the benefit of thousands of out-patients throughout
4 California. Westcliff has approximately 1,000 employees and is
5 currently generating approximately $100 million of annual
6 revenue.

7      6.   Westcliff's main clinical hub is an 80,000 square foot
8 facility located in Santa Ana, California that opened in 2006.
9 Westcliff's primary anatomical pathology lab is a 12,800 square
10 foot facility located in Monrovia, California that opened in
11 2008.

12     7.   Working directly with patients and with contracted
13 payors, including United Health, Aetna, Cigna, Blue Cross, Medi-
14 Cal and Medicare, Westcliff grew and became a leading out-
15 patient laboratory service company. Westcliff's lab operations
16 demonstrate industry-leading results, with low testing turn-
17 around times, high quality control scores, and a strong and
18 experienced sales and marketing team.

19     8.   Westcliff averages approximately 8,500 clinical
20 requests per day and approximately 1,200 pathology requests per
21 day, and performs approximately 250,000 cytology and 70,000
22 biopsy tests on an annual basis. Based on this performance,
23 Westcliff is the third largest clinical laboratory in
24 California.

25     9.   The California clinical laboratory testing market is
26 the largest in the nation, with estimated revenues of
27 approximately $2 billion. Approximately 8% of the nations'
28 tests are performed in California, and over 200 million of

14

1 California's tests are conducted by independent labs (excluding
2 hospital based labs).    Based on current volume, Westcliff
3 accounts for approximately 5% of the California market.

4      10.  While the Debtors' revenue is significant, due to the
5 small profit margins in this business, despite significant and
6 continuing cost cutting measures undertaken by the Debtors, the
7 Debtors are simply not able to operate sufficiently profitably
8 to enable the Debtors to repay their debts.

9      11.  The Debtors suffered a net loss of approximately $87
10 million  in  2008  (including  expenses  and  write  offs  of
11 approximately $171 million) on net revenue of approximately $84
12 million.    The Debtors suffered a net loss of approximately $13
13 million  in  2009  (including  expenses  and  write  offs  of
14 approximately $110 million) on net revenue of approximately $97
15 million.

16      12.  While  the  Debtors  instituted  as  many  expense
17 reductions as were reasonably possible, the Debtors' losses
18 continued.  Since the beginning of 2009, the Debtors have been
19 unable to make any debt service payments to their senior secured
20 lender, GE, and the Debtors have been unable to remain current
21 with their other debt obligations, including payments owing to
22 former owners of companies the Debtors previously purchased as
23 part of the Debtors' overall growth strategy.    Indeed, the
24 Debtors were only able to survive financially over the past
25 approximately seventeen months because GE agreed to provide the
26 Debtors with additional funding.

27      13.  In my opinion, the only way the Debtors can survive as
28 a stand alone going concern business would be for the Debtors to

1 raise many millions of dollars of additional equity which is not
2 possible given the Debtors' debt structure.

3      14. As set forth in numerous concurrently filed pleadings,
4 the Debtors senior management has determined that an expedited
5 sale of substantially all of the Debtors' assets is in the
6 overwhelming best interests of the Debtors' estates and their
7 creditors. Just prior to their bankruptcy filings, the Debtors
8 signed an asset purchase agreement with Laboratory Corporation
9 of America and its wholly-owned subsidiary Wave Newco, Inc.
10 (collectively, "Purchaser").

11     15. I believe that joint administration of the Cases,
12 including the use of a single pleading docket, the combining of
13 notices to creditors of the different estates, and the joint
14 handling of purely administrative matters will reduce costs to
15 the estates, aid in expediting the Cases, and render the process
16 less costly, without prejudicing the substantive rights of any
17 creditor.

18     16. I further believe that joint administration of the
19 Cases will assist the Office of the United States Trustee in
20 forming one (1) committee of unsecured creditors, which should
21 further reduce costs to the estates. Additionally, the joint
22 administration of the Cases will eliminate the need for the
23 Debtors to file identical motions and orders in each of the
24 Cases when seeking relief that is common to all three Debtors,
25 will avoid the further waste of judicial resources related to,
26 for example, the docketing of identical motions, declarations,
27 and orders in each of the Cases, and will permit the Debtors'
28 estates to avoid the substantial copy costs and service costs

1   associated with filing and serving motions and other pleadings
2   in the Cases that seek collective relief for the Debtors.  As a
3   result, I hereby respectfully submit that cause exists to grant
4   the Motion.

5       I declare and verify under penalty of perjury that the
6   foregoing is true and correct to the best of my knowledge,
7   information and belief.

8       Executed this 19th day of May 2010, at Santa Ana,
9   California.

10

11

12              ROBERT E. WHALEN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re:<br>WESTCLIFF MEDICAL LABORATORIES, INC., Debtor(s).<br>BIOLABS, INC.,<br>Debtor. | CHAPTER  11<br>[Proposed] Lead Case No. 8:10-bk-16743<br>[Proposed] Jointly Administered with Case<br>No. 8:10-bk-16746 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described as DEBTORS' EX PARTE EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. WHALEN IN SUPPORT THEREOF  will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 20, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender    rb@lnbrb.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐    Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **May 20, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Via Federal Express or Overnight Mail

☒    Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 20, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Via email**
Frank.Cadigan@usdoj.gov,  nancy.goldenberg@usdoj.gov,  Terry.Biers@usdoj.gov (U.S. Trustee's Office)
rrogers@winston.com (Counsel to GE Business Financial Services, Inc)

1

**VIA MESSENGER SERVICE**

2  Hon. Robert Kwan
United States Bankruptcy Judge

3  United States Bankruptcy Court
Courtroom 5D

4  411 West Fourth Street
Santa Ana, CA 92701

☐    Service information continued on attached page

5

6  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
and correct.

7

| **May 20, 2010** | Jason Klassi | */s/ Jason Klassi* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

8

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

9  *January 2009*                                                                     **F 9013-3.1**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Westcliff Medical Laboratories, Inc.
File No. 4367
Secured Creditors

Debtor
Westcliff Medical Laboratories, Inc
1821 E. Dyer Road, #100
Santa Ana, CA 92705-0000

Frank Cadigan
Nancy Goldenberg
Terry Biers
Office of the U.S. Trustee
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

Bank of America, N.A.
As Successor by Merger to LaSalle
Bank N
135 South LaSalle Street
Chicago, IL 60603

Becton Dickinson & Co.
Attn: Officer/Director/Legal Dept.
1 Becton Drive
Franklin Lakes, NJ 07417

BMT Leasing, Inc.
Attn: Officer/Director/Legal Dept.
P.O. Box 692
Bryn Mawr, PA 19010

CapitalSource Finance LLC
Gregory Browne, Managing Partner
4445 Willard Avenue, Twelfth Floor
Chevy Chase, MD 20815

Cisco Systems Capital Corp.
Attn: Officer/Director/Legal Dept.
170 W. Tasman Drive, MS SJ13-3
San Jose, CA 95134

CYTYC Limited Partnership
Attn: Officer/Director/Legal Dept.
250 Campus Drive
Marlborough, MA 01752

Diasorin, Inc.
Attn: Officer/Director/Legal Dept.
1951 Northwestern Avenue
Stillwater, MN 55082

GE Business Financial Serv., Inc.
Attn: Officer/Director/Legal Dept.
2 Bethesda Metro Ctr., Suite 600
Bethesda, MD 20814

GE Capital Business Fin. Serv., Inc
Attn: Officer/Director/Legal Dept.
2 Bethesda Metro Center, Suite 600
Bethesda, MD 20814

Jules and Associates, Inc.
Attn: Officer/Director/Legal Dept.
515 S. Figueroa St., Suite 1950
Los Angeles, CA 90071

Leasing Assoc. of Barrington, Inc.
Attn: Officer/Director/Legal Dept.
33 W. Higgins Road, Suite 1030
South Barrington, IL 60010

M & I Marshall & Ilsley Bank
Attn: Officer/Director/Legal Dept.
770 N. Water Street
Milwaukee, WI 53202

Merril Lynch Capital
Attn: Officer/Director/Legal Dept.
222 North LaSalle St., 16th Fl.
Chicago, IL 60601

Merril Lynch Capital, a Division of
Merril Lynch Bus. Fin. Serv., Inc., as A
222 North LaSalle St., 16th Fl.
Chicago, IL 60601

Norlease, Inc.
Attn: Officer/Director/Legal Dept.
50 South LaSalle Street
Chicago, IL 60675

Olympus America, Inc.
Attn: Officer/Director/Legal Dept.
3500 Corporate Parkway
Center Valley, PA 18034

Phadia US Inc.
Attn: Officer/Director/Legal Dept.
4169 Commercial Ave.
Portage, MI 49002

Pitney Bowes Credit Corp.
Attn: Officer/Director/Legal Dept.
27 Waterview Drive
Shelton, CT 06484

Pitney Bowes Global Fin. Serv., Inc
Attn: Officer/Director/Legal Dept.
27 Waterview Drive
Shelton, CT 06484

Roche Diagnostics Corporation
Attn: Officer/Director/Legal Dept.
9115 Hague Road
Indianapolis, IN 46250

Sandelman Finance 2006-1, Ltd
C/O Sandelman Partners LP, Bill Brown
500 Park Avenue, 3rd Fl.
New York, NY 10022

TCF Equipment Finance, Inc.
Attn: Officer/Director/Legal Dept.
11100 Wayzata Blvd., Suite 801
Minnetonka, MN 55305

Counsel to GE Business Financial
Services, Inc.
Randy Rogers
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

In re Westcliff Medical Laboratories
File No. 4367
20 Largest

SPECIALTY LABORATORIES, INC.
Attn: Anna Tutunjian
27027 Tourney Road
Valencia, CA 91355

SIEMENS HEALTHCARE DIAGNOSTICS
Attn: Paul Dinapoli
DEPT. 1102
P.O. BOX 121102
Dallas, TX 75312-1102

VWR INTERNATIONAL
Attn: John Johnson
P O BOX 31001-1257
Pasadena, CA 91110-1257

ROCHE DIAGNOSTICS
CORPORATION
Attn: Karen Gorman
DEPT AT 952243
Atlanta, GA 31192-2243

CYTYC HOLOGIC LIMITED
PARTNERSHIP
Attn: Cherl Corey
24506 NETWORK PLACE
Chicago, IL 60673-1245

IRVINE CORPORATE CENTER, LLC.
c/o BROE COMPANIES
P.O. BOX 974568
Dallas, TX 75397-4568

DIASORIN INC.
Attn: Debbie Hakala
NW 8678
P.O.BOX 1450
MINNEAPOLIS, MN 55485-8678

GRIFOLS USA, LLC
PO BOX 515037
Los Angeles, CA 90051-5037

GENZYME GENETICS
PO BOX 223614
Pittsburgh, PA 15251-2614

PHADIA
Attn: Billing Customer Service
22973 NETWORK PLACE
Chicago, IL 60673-1229

QIAGEN INC
Attn: Windy Corea
P.O. BOX 5132
Carol Stream, IL 60197-5132

TRIPATH IMAGING, INC
23934 NETWORK PLACE
Chicago, IL 60673-1239

FISHER HEALTHCARE
Attn: Janet Opperman
2000 PARK LANE, 5th Floor
Pittsburgh, PA 15275

BIOMERIEUX VITEK, INC.
P.O.BOX 500308
ST LOUIS, MO 63150-0308

BECTON DICKINSON
DEPT LA 21445
PASADENA, CA 91185-1445

AT & T
4441 AUBURN BLVD 36
Sacramento, CA 95841

MCKESSON INFO SOLUTIONS
P.O. BOX 98347
Chicago, IL 60693-8347

ALPHA SCIENTIFIC MEDICAL, INC
1751 YEAGER AVENUE,
La Verne, CA 91750

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

BECKMAN COULTER, INC
DEPT CH 10164
PALATINE, IL 60055-0164

BioLabs
20 Largest

BioLabs, Inc.
1821 E. Dyer Road, #100
Santa Ana, CA 92705

U.S. Trustee - Santa Ana
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701-8000

CapitalSource Finance LLC
Gregory Browne, Managing Partner
4445 Willard Avenue, Twelfth Floor
Chevy Chase, MD 20815

GE Business Fin. Services, Inc.
2 Bethesda Metro Ctr., Suite 600
Bethesda, MD 20814

Merril Lynch Capital
222 North LaSalle St., 16th Fl.
Chicago, IL 60601

Merril Lynch Capital, a Division of
Merril Lynch Bus. Fin. Serv., Inc.
222 North LaSalle St., 16th Fl.
Chicago, IL 60601

Sandelman Finance 2006-1, Ltd
c/o Sandelman Prtnrs., Bill Brown
500 Park Avenue, 3rd Fl.
New York, NY 10022